Jones, J,,
delivered the opinion of the Court.
This was an action on the case, brought by Hill and Keese, against the plaintiff in error. The declaration contains four counts, one on a written agreement entered into between the parties, bearing date the 21st September, 1818, by which the defendants agreed to build and erect for the plaintiff in error, a stone wall or cellar of certain dimensions, therein mentioned, under the house which they were erecting for the plaintiff in error, and deliver the same on or before the third day of October then following. And the said then defendant, now plaintiff in error, agreed to pay them for the said wall, at the rate of five dollars per perch, which payment was to be made in lands at the rate of two dollars and fifty cents, or three dollars per arpent, to be chosen out of lands belonging to Labeaume, In the county of St. Charles, and by him to be conveyed to the said Hill and Keese. The declaration then avers, that the said Hill and Keese made the said wall, and delivered the same to the said Labeaume and Bouis, before the said third day of October, and that the said wall contained fifty-nine perches and sixteen cubic feet, which, at five dollars per perch, amounted to $298 63 1-2, and assigns for breach, the non-payment of the money, although the said Hill and Keese were ready and willing, and offered to take lands in payment, according to the terms of the agreement, nor did the said Labeaume and Bouis convey the same. There is a second count, for work and labor performed, and for material found and provided, and used and applied in and about said- work and labor. Another one for goods, &c., sold and delivered, and for money lent and advanced; and another on an account stated.
*33 The defendant below, (Bopis, the-other defendant not having been served with process,) pleaded, first, non-assumpsit; and secondly, that he offered to pay and convey to the said plaintiffs (below) lands in St. Charles county for said building of said wall, but which they neglected and refused to choose and select. The plaintiffs joined issue as to the first plea, and demurred to the last one, and shewed several causes of demurrer.
There is neither joinder nor judgment on the demurrer, but the parties proceeded to trial of the issue joined in December term, 1819, when a verdict and judgment was given for the plaintiffs, Hill and ICeese, for $1,761 27. The defendant below thereupon moved for a new trial, and filed the following reasons:
1st. The Court mis-directed the jury, that they had nothing to do with the evidence of the defendants’ performance, according to the terms of the covenant and written agreement, which were read on the trial, and on which the action of covenant and the first count of the suit was founded.
2d. That the verdict was contrary to evidence, in this, that there was sufficient evidence of a parol submission and award on the matters in dispute in the cause ; and,
3d. The written agreement being.rejeeted, for variance, the plaintiffs ought not to have gone into their general counts in the case.
The Court having overruled the motion for a new trial, the defendant filed a bill of exceptions, which states that the plaintiffs on the trial of the cause produced in Court and offered in evidence, in support of their first count in their declaration, the following instrument, executed by the parties, to wit: We, the undersigned,LaímclHfLLanrl.KeAaA.-nf Iha.ni'hcr nart, agree as follows: that we, the said Hill and Keese, promise to make, or cause to be made, for the said Laheaume and Bouis, under the house that we are building for them, a stone wall or cellar wall, thirty-four feet in length, hy twenty in width, for which the said Labeaume and Bouis do hereby agree to pay us at the rate and in the way hereinafter mentioned. We, the said Hill and Keese, further promise to begin the said wall as soon as possible, and deliver the same on or before the third day of October, without longer delay; when and then we, the said Laheaume and Bouis, promise to pay unto the said Hill and Keese for the said wall, at the rate of five dollars per perch, deducting out of the said wall eleven perches and twenty-two cubic feet, which are already made. We, the said Hill and Keese, further agree to take in payment of the said Labeaume and Bouis, lands lying and being, and at the rate heretofore mentioned, in an agreement heretofore made and signed hy the said parties, and now in the hands of J. M. Guyol, Justice of the Peace, St. Louis, September 21st, 1818. The eleven perches and twenty-two feet, herein mentioned, we, the said Laheaume and Bouis, agree to settle for with the workmen that have made it. To which the defendant’s counsel objected, alledging that it was variant from the writing declared on in said first count, in this, that the count was on independent promises; and, by the paper-offered, the completion and delivery of the work by a day given, is made a precedent condition on the part of the plaintiffs; and in this, that no such terms of payment hy the defendant was mentioned in said writing as stated in said count. The Court sustained the objection and rejected the paper.
The plaintiffs’ counsel then offered parol evidence to prove the performance of the said work contracted for in said writing, and also of the work contracted for in a certain covenant on. which an action was pending in this Court (Circuit) between. *34 the. parties, and on which the plaintiffs’ counsel entered a non-suit during this trial, insisting that they had a right to recover for the work done upon a quantum meruit; to which evidence the defendant’s counsel objected, as to the said first mentioned writing, because the paper being rejected for variance, the plaintiffs could not go on their general counts for that work; and as to the said covenant, a copy whereof follows. — Here follows a copy of an agreement under seal, between the said Hill and • ICeese of the first part, and the said Labeaume and Bouis of the second part, bearing date the twenty-second day of June, 1818; by which the said Hill and ICeese, in consideration of $1,336, to be paid in land at two dollars and fifty cents per arpent, or three dollars per arpent, to be chosen out of different tracts belonging to Labeaume in the county of St. Charles, obligated themselves to furnish materials and build a frame house of certain dimensions, and in the manner therein mentioned, completely finished, and to be delivered on or before the 20th August then next. Then follows an agreement that Labeaume and Bouis should be at liberty to choose two or more workmen, to examine whether the house was completely finished; and the said Hill and ICeese agreed to make deductions, allowed by those that were chosen, to be paid in proportion to the said work; and at the receiving of said house, the said Labeaume and Bouis obligated themselves to pay to the said Hill and ICeese the above mentioned sum, in land, at the above mentioned price, and to pass a deed for the same to the said Hill and ICeese.
The defendant objected .to the work therein contracted for being given in evidence under the general counts in this case, until it should be- determined whether the plaintiffs could recover under the covenant. On these objections the Court decided ■fcl^evt tKo ptvr>ol vrilfexoti jLuiglit l)C gi-v-tsai -CllC' WbtIjJUPdtG& t"OX* ill writings, and if, upon such evidence, it should appear that said work therein respectively contracted for, was done by the plaintiffs according to their said written contracts, so that they might recover upon them, that then the parol evidence thereof should be rejected; but that, if it should appear from the said testimony that the plaintiffs had not performed the work at the respective days contracted for, so that they could not recover on said written contracts, that then they should be permitted to go for the whole work done, without regarding these contracts, upon the general implied assumpsit under the general counts; so that the parol evidence was admitted. And the witnesses stated that the work mentioned in both contracts was done by the plaintiffs and accepted by the defendants, though not until some time after the days respectively contracted for its completion and delivery. The witnesses stated that the work was done, not only at a different time, but in a different' manner from that mentioned in the written contract, and that the defendants so received it. Upon which evidence the Court overruled the last objections of the-defendant, and permitted the plaintiffs to proceed under their general counts for the whole work, leaving it with the jury to consider of the fact, whether the work had' been done according to those contracts.
The defendant then offered in evidence to the jury those written contracts, for the purpose of shewing the kind and terms of the payments they agreed to make for said work by those writings. The plaintiffs’ counsel objected to their being so used, insisting that they were now proceeding under money counts alone, and that the jury had nothing to do with the question, whether the defendant had paid or tendered lands for said work agreeably to those written contracts. The Court sustained the objection, except that the defendant was permitted to use those writings for the sole- *35 purpose of shewing what the work was considered worth by the parties. The Court decided that the defendants remedy was by action against the plaintiifs for their failure to perform their parts of those written contracts, but that he could not discharge himself from the liability for the work, by paying in lands, as originally contracted. To all of which the defendant, by his counsel, objected, and his objections being overruled, he excepted to the opinions of the Judge who signed the bill o f exceptions.
The cause having been brought into this Court by writ of error, and the only material errors assigned, are founded on the exceptions made to the opinion of the Judge as before stated. When a man performs work for another, under a special agreement, but not done at the time, nor in the manner pointed out in such agreement^ he shall, on a count upon the quantum meruit, recover for the work so done; for otherwise, he would not be able to recover at all; Butter’s nisi prius, 139, 140; 10 Johnson’s Reports, 36. And it is a well established rule, thrt the allegata and probata must correspond. This is the real reason for inserting counts on a quantum meruit, or quantum, valebant in declarations, together with general one’s, for goods sold, or for work done. The declaration on this case, contains no count on a quantum meruit, or quantum valebmt; therefore the Court below erred, in permitting evidence to go to the jury, on the counts of general indebitatus assumpsit, for goods sold, and work and labor done. But the opinion of the Court, on the general principle at first laid down, was correct.
The distinctions between dependant and independan! covenants, are all not well ascertained, and the decisions are often contradictory. This Court is of opinion, that the agreement and covenants entered into between the parties, are mutual and depend-ant ones. To construe them in any other manner, would be productive of the greatest mischief, not only to the party now concerned, but to society in general, on the influence which this decision may have as to the construction of other covenants, not only to the loss, but to the ruin of many. Where, indeed, a party will not, or cannot specifically perform his contract, he must abide by the consequence; but where he is willing, and offers to do so, we. dee no reason why he should be compelled to perform it in any other manner; and the Court cannot but know the very great difference that exists in the value of articles sold, or work done, when payable in cash, or what is called in this country, trade. In the case in question, the defendant bound himself to pay for the work, See., in lands, at a price stipulated between them, and which were to be chosen by the plaintiffs. But he was not permitted to adduce testimony either of his willingness or of his offer to make such payment in lands, in which, in our opinion, the Court below erred, and more especially so, as the first acts were to be done by the plaintiffs, viz : to make their choice of the land they would take, and give the defendant notice thereof; neither of which, according to the testimony adduced, has been done.
This Court is also of opinion, that the Court below erred, in permitting the plaintiffs to give evidence on the money counts in this declaration in that cause, on the contract under seal. It operated as a surprise on the defendant, who came to defend one cause of action, and could not be supposed to be prepared to give evidence on pother one.
*36 The judgment must, therefore, he reversed, with costs, and remanded to the Circuit Court, for proceedings on a new trial, not inconsistent with the foregoing opinion.